**Steven R. STELTS, Doctor, Plaintiff–Appellant,**

v.

**UNIVERSITY EMERGENCY SPECIALISTS, INC.; University Hospital of Cleveland; Laura A. Kawa, Defendants–Appellees.**

No. 00–3885.

United States Court of Appeals, Sixth Circuit.

Sept. 26, 2001.

Before RYAN and BOGGS, Circuit Judges; WILLIAMS, District Judge.[*]

Dr. Steven R. Stelts, a resident of Pennsylvania, appeals the district court order dismissing his diversity contract action. The parties are represented by counsel and have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking compensatory and punitive damages, Stelts sued University Emergency Specialists, Inc. (UES), University Hospitals of Cleveland (UHC), and Laura A. Kawa. Stelts worked under contract with UES as an emergency room physician at UHC, and Kawa worked there as a nurse. Stelts alleged that UES forced him to resign after he objected to the management of the emergency room at UHC and after Kawa filed a false sexual harassment charge against him. UES moved to dismiss under Fed.R.Civ.P. 12(b)(6), principally on the ground that the involuntary dismissal of an earlier action Stelts brought against UES barred the later action under the doctrine of res judicata. Stelts filed a response and moved the court for post-judgment relief from the order dismissing his earlier case. The dis-

---

[*] The Honorable Glen M. Williams, United States District Judge for the Western District of Virginia, sitting by designation.

trict court denied Stelts's motion, granted UES's motion, and dismissed the case. Stelts moved to voluntarily dismiss without prejudice his claims against UHC and Kawa. The district court granted that motion but denied Stelts's motion for leave to file an amended complaint.

In his appeal, Stelts argues that the district court abused its discretion by: (1) dismissing his first action with prejudice; (2) denying relief under Fed.R.Civ.P. 60; (3) granting UES's motion to dismiss his later action on the grounds of res judicata; and (4) refusing to permit Stelts to file an amended complaint in the later action.

Initially, we note that the only issue in this appeal is the propriety of the district court's decision to dismiss district court Case No. 99–2851. Although Stelts directs most of his appellate arguments to the involuntary dismissal of district court Case No. 98–2925, that decision is not the subject of this appeal. Accordingly, we only address the issues of res judicata and Stelts's attempt to file an amended complaint in Case No. 99–2851.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6), *see Bloch v. Ribar,* 156 F.3d 673, 677 (6th Cir.1998), and a district court's application of res judicata. *See Black v. Ryder/P.I.E. Nationwide, Inc.,* 15 F.3d 573, 582 (6th Cir.1994).

Upon review, we conclude that the district court properly dismissed Stelts's action as barred by res judicata. *See J.Z.G. Res., Inc. v. Shelby Ins. Co.,* 84 F.3d 211, 214 (6th Cir.1996). Stelts first sued UES in December 1998, alleging that he was improperly forced to resign. That case was designated Case No. 98–2925 in the district court. The district court dismissed the case by marginal entry in October 1999 for lack of prosecution. *See* Fed.R.Civ.P. 41(b). Stelts filed the present action in November 1999, again naming UES as a defendant and again alleging that he was forced to resign his position at UHC. The involuntary dismissal of Case No. 98–2925 was a final judgment on the merits and bars Stelts's claims in this action. *See* Fed.R.Civ.P. 41(b); *Proctor v. Millar Elevator Serv. Co.,* 8 F.3d 824, 825 (D.C.Cir. 1993). Because Stelts' claim against UES is barred by res judicata and he voluntarily dismissed his claims against UHC and Kawa, he can prove no set of facts in support of his claims that would entitle him to relief. *See Sistrunk v. City of Strongsville,* 99 F.3d 194, 197 (6th Cir. 1996).

We further conclude that the district court did not abuse its discretion when the court denied Stelts leave to file an amended complaint. *See Begala v. PNC Bank, Ohio, Nat'l Ass'n,* 214 F.3d 776, 783 (6th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1082, 148 L.Ed.2d 958 (2001). Stelts moved for leave to file an amended complaint on June 12, 2000, after the district court granted UES's motion to dismiss on the grounds of res judicata and after he moved to voluntarily dismiss his claims against UHC and Kawa. The district court denied the motion as moot. Any attempt to raise a claim against UES in an amended complaint would have been barred by res judicata and thus futile. *See Marx v. Centran Corp.,* 747 F.2d 1536, 1550 (6th Cir.1984). Moreover, Stelts has not specified any additional issues that he could have raised that would entitle him to relief. Accordingly, the district court did not err when the court denied leave to file an amended complaint. *See Begala,* 214 F.3d at 783.

For the foregoing reasons, we affirm the district court's order.