Frank BRANHAM, Bernice Dancy, Cherise Hubbard, Chris Jenkins, Terry Hill Martin, and Keith Rutledge, Plaintiffs,

v.

HOME DEPOT U.S.A., INC., a Delaware Corporation, Kevin Theon, Angela Weathersby, Judy Byrnes, Ed Miller, Rick Pitchard, Supervisor, and agents and employees of Home Depot U.S.A., Inc., Jointly and Severally, Defendants.

No. 01–CV–73784–DT.

United States District Court, E.D. Michigan, Southern Division.

Sept. 27, 2002.

H. Wallace Parker, Satch U. Ejike, Bloomfield Hill, MI, for Plaintiffs.

Charles C. DeWitt, Jr., Cathleen C. Jansen, DeWitt, Balke, Detroit, MI, for Defendant.

*OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT*

ROSEN, District Judge.

## I. INTRODUCTION

This race/religious discrimination in employment action is presently before the

Court on Defendants' Motion for Summary Judgment. Defendants contend that Plaintiffs' claims should be dismissed (1) due to their failure to exhaust administrative remedies, (2) because the statute of limitations has expired, and/or (3) by application of the doctrine of *res judicata.* Plaintiffs have responded to Defendants' Motion, to which Response Defendants have replied.

Having reviewed and considered the parties' Briefs and supporting documents, and having discussed this matter with counsel for the parties at the Scheduling Conference held in this case, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided "on the briefs." This Opinion and Order sets forth the Court's ruling.

## II.  *UNDISPUTED FACTS*

### A.  *THE EMPLOYMENT HISTORY OF THE SIX PLAINTIFFS*

All six Plaintiffs in this action, Frank Branham, Bernice Dancy, Cherise Hubbard, Chris Jenkins, Terry Hill Martin and Keith Rutledge are African–Americans who, at one time or another between 1996 and 1999 either worked for, or applied for work with, Defendant Home Depot, Inc.

Defendant Home Depot hired Plaintiff Frank Branham on May 25, 1998. His employment was terminated on December 8, 1999. Branham did not file a charge of discrimination with the EEOC or the MDCR regarding his termination.

Plaintiff Bernice Dancy was hired by Home Depot on February 26, 1996. Dancy resigned from Home Depot for "personal reasons" on April 3, 1997. Dancy did not file a charge of discrimination with the EEOC or the MDCR regarding her termination.

Plaintiff Cherise Hubbard was never employed by Home Depot. She claims that she applied for a job as a "Team Leader" with Home Depot and that Home Depot offered her the job, but three days later, on December 3, 1999, the offer of employment was rescinded because of her "personal commitment to a religion or religious practice." (*See* Complaint, ¶ 11(d).) Hubbard did not file a charge of discrimination with the EEOC or the MDCR regarding her termination.

Home Depot also never employed Plaintiff Chris Jenkins; Jenkins was employed by National Blinds & Wallpaper, Inc., a wholly-owned subsidiary of Home Depot. National Blinds hired Jenkins on January 14, 1999. Jenkins alleges that he was the victim of discrimination when his employer failed to promote him Jenkins filed a charge of discrimination against Home Depot with the MDCR on February 28, 2000. However, he voluntarily withdrew the charge on July 25, 2000. He never filed a charge against National Blinds.

Defendant Home Depot hired Plaintiff Terry Hill Martin on February 17, 1997. Martin's employment was terminated on August 11, 1997. Defendants allege that the reason for Martin's termination was job abandonment. Martin did not file a charge of discrimination with the EEOC or the MDCR regarding her termination.

Plaintiff Keith Rutledge was hired by Home Depot on March 25, 1997. Home Depot terminated Rutledge's employment on August 28, 1997 for a time clock violation. Rutledge did not file a charge of discrimination with the EEOC or the MDCR regarding his termination.

### B.  *PROCEDURAL HISTORY*

This case was originally filed in this Court on December 18, 2000. (*See* Defendants' Ex. 1). In their Complaint, Plaintiffs alleged that Home Depot and four

individual Home Depot managers/supervisors discriminated against them in violation of Title VII of the Civil Rights Act of 1964, the Michigan Elliott–Larsen Civil Rights Act, and 42 U.S.C. § 1981. They also alleged a common law claim of "negligent supervision."

After filing their Complaint, however, Plaintiffs took no action whatsoever to prosecute their claims. Therefore, on May 15, 2001, the Court issued an Order to Show Cause, ordering Plaintiffs show good cause in writing as to why the action should not be dismissed for "lack of prosecution." (*See* Defendants' Ex. 2). Plaintiffs failed to respond to the Show Cause Order. As a result, on May 30, 2001, the Court dismissed Plaintiffs' Complaint "without prejudice to the right, upon good cause shown, to reopen the action within thirty (30) days". (*See* Defendants' Ex. 3). Plaintiffs did not request to reopen the case within the thirty day time period designated by the Court and did not otherwise respond to the dismissal order.

Instead, three months later, on August 20, 2001, Plaintiffs re-filed the very same Complaint that this Court had dismissed in Oakland County Circuit Court. (*See* Defendants' Ex. 4). Defendants subsequently removed the action to federal court on the basis of federal question jurisdiction, and it was assigned to this Court in accordance with Local Rule 83.11.

Defendants now move for summary judgment arguing that Plaintiffs' claims are barred for failure to exhaust administrative remedies, because of the expiration of the period of limitations, and/or by application of the doctrine of *res judicata*.

## III. DISCUSSION

### A. STANDARDS APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is proper " 'if the pleadings, depositions, answer to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " Fed. R.Civ.P. 56(c).

Three 1986 Supreme Court cases—*Matsushita Electrical Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)—ushered in a "new era" in the standards of review for a summary judgment motion. These cases, in the aggregate, lowered the movant's burden on a summary judgment motion.[1] According to the *Celotex* Court,

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof.

*Celotex*, 477 U.S. at 322, 106 S.Ct. 2548.

After reviewing the above trilogy, the Sixth Circuit established a series of principles to be applied to motions for summary judgment. They are summarized as follows:

---

**1.** "Taken together the three cases signal to the lower courts that summary judgment can be relied upon more so than in the past to weed out frivolous lawsuits and avoid wasteful trials." 10A Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure*, § 2727, at 35 (1996 Supp.).

\* The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.

\* The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."

\* The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.

\* The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is plausible.

*Betkerur v. Aultman Hospital Association*, 78 F.3d 1079, 1087 (6th Cir.1996). *See also, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir.1989). The Court will apply the foregoing standards in deciding Defendants' Motion for Summary Judgment in this case.

## B. PLAINTIFFS' TITLE VII CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS MUST BE DISMISSED

As an initial matter, the Court finds that Plaintiffs' Title VII claims against Defendants Theon, Weathersby, Byrnes, Miller and Pitchard must be dismissed. In *Wathen v. General Electric Co.*, 115 F.3d 400 (6th Cir.1997), the Sixth Circuit Court of Appeals held that, notwithstanding the language of Title VII, individual supervisors and managers, who do not otherwise qualify as "employers" may not be held liable under the Act.[2] Based upon an examination of the statutory scheme and remedial provisions of Title VII, the *Wathen* court concluded that Congress did not intend to provide for individual employee/supervisor liability under the federal statute. Rather, the court determined that the term "agent" was included in the statutory language merely "to incorporate *respondeat superior* liability into the statute." 115 F.3d at 406. *See also, Hall v. State Farm Ins. Co.*, 18 F.Supp.2d 751, 760–61 (E.D.Mich.1998), *aff'd*, 1 Fed. Appx. 438, 2001 WL 45124 (6th Cir.2001) (unpublished decision).

The foregoing Sixth Circuit precedent establishes that Plaintiffs' Title VII claims against the individual Defendants are not legally cognizable. Therefore, these claims will be dismissed.

---

**2.** Title VII provides that "it shall be an unlawful employment practice for an *employer* to discriminate on the basis of race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a). A person aggrieved by such discrimination may bring a civil action against the "employer". 42 U.S.C. § 2000e–5(b). "Employer" is defined in the statute as: a person engaged in an industry affecting commerce who has fifteen or more employees... *and any agent of such person.*

42 U.S.C. § 2000e(b).

"Agent" is not defined in the Act, but has been interpreted by the courts to mean "an individual who serves in a supervisory position and exercises significant control over the plaintiff's hiring, firing or conditions of employment." *See, Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 803 (6th Cir.1994).

## C. *PLAINTIFFS' TITLE VII CLAIMS AGAINST HOME DEPOT ARE BARRED BECAUSE THEY FAILED TO EXHAUST THEIR ADMINISTRATIVE REMEDIES*

■ It is well settled that a person who claims to have been discriminated against in violation of Title VII may not seek relief in federal court unless administrative remedies have first been exhausted. *See, United Air Lines v. Evans,* 431 U.S. 553, 97 S.Ct. 1885, 52 L.Ed.2d 571 (1977); *Abeita v. TransAmerica Mailings, Inc.,* 159 F.3d 246, 254 (6th Cir.1998); *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 544–45 (6th Cir.1991); *Haithcock v. Frank,* 958 F.2d 671, 675 (6th Cir.1992); *Parsons v. Yellow Freight Systems, Inc.,* 741 F.2d 871, 873 (6th Cir.1984). In *Parsons,* the Sixth Circuit explained the reason for requiring exhaustion:

> The requirement that the plaintiff exhaust administrative remedies prior to instituting suit is intended to ensure that the Commission will have been afforded an opportunity to attempt conciliation and voluntary settlement, "the preferred means for resolving employment discrimination disputes."

*Id.* at 873 (citation omitted).

As provided in Title VII, 42 U.S.C. § 2000e–5(e):

> A charge under this section shall be filed within 180 days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place, and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a state or local agency...such charge shall be filed by or on behalf of the person aggrieved **within 300 days after the alleged unlawful employment practice occurred,** or within 30 days after receiving notice that the state or local agency has terminated the proceedings under state or local law, whichever is earlier....

Thus, Plaintiffs had, at best, 300 days from the date of termination of employment to file a charge of harassment or discrimination with the Michigan Department of Civil Rights in order to be entitled to proceed with their Title VII claims in this action.

It is undisputed that Plaintiffs Branham, Dancy, Hubbard, Martin, and Rutledge all failed to file charges of discrimination with the EEOC or the MDCR. Thus, their Title VII claims are barred because of their failure to exhaust their administrative remedies. With respect to Plaintiff Jenkins, as indicated, Plaintiff Jenkins filed an MDCR charge but then withdrew it on July 25, 2000 without any investigation or decision having been made by the Commission. (*See* Defendants' Ex. 6.) Not having given the Commission the opportunity to attempt conciliation or voluntary settlement, Jenkins also has failed to exhaust his administrative remedies.[3]

---

**3.** In any event, Plaintiff was not an employee of Home Depot; he was an employee of National Blinds and Wallpaper, Inc., a wholly-owned subsidiary of Home Depot.

It is well-settled that, in the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary. *See Watson v. Gulf & W. Indus.,* 650 F.2d 990, 993 (9th Cir. 1981). *See also, Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1362 (10th Cir.1993) (the "doctrine of limited liability creates a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances.") Such "exceptional circumstances" exist where the parent corporation exercises a degree of control that exceeds that normally exercised by a parent corporation. *See id.* at 1363. *See also, Lockard v. Pizza Hut, Inc.,* 162 F.3d 1062, 1071 n. 2 (10th Cir.1998).

As noted, there is no dispute as to the Plaintiffs' failure to satisfy Title VII's exhaustion requirements. Plaintiffs, in fact, concede in their Response Brief that they have not exhausted their administrative remedies and admit that they "chose not to refile their Complaint in this Court because Plaintiffs lacked a right-to-sue letter which is a condition precedent to bringing a Title VII action." (*See* Plaintiffs' Response Brief, p. 3, citing *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029 (6th Cir. 1998)).

Having failed to timely exhaust their administrative remedies before filing suit, Plaintiffs' Title VII claims must be dismissed.

### D. PLAINTIFFS DANCY, MARTIN, AND RUTLEDGE'S ELLIOTT–LARSEN AND SECTION 1981 CLAIMS OF ARE BARRED BY THE STATUTE OF LIMITATIONS.

■ Claims arising under the Michigan Elliot–Larsen Civil Rights Act and under 42 U.S.C. § 1981 are governed by the three-year statute of limitations for injury to a person or property provided in M.C.L. § 600.5805(9). *See, Mair v. Consumers*

*Power Co.*, 419 Mich. 74, 77, 348 N.W.2d 256 (1984); *Sumner v. Goodyear Tire & Rubber Co.*, 427 Mich. 505, 398 N.W.2d 368 (1986). *See also, Goodman v. Lukens Steel Co.*, 482 U.S. 656, 676, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987) ("[T]he applicable statute of limitations for claims based on violations of 42 U.S.C. § 1981 and 42 U.S.C. § 1983 is the state's statute of limitations governing personal injury.") For purposes of claims of ongoing discrimination during a plaintiff's term of employment as well as claims of discriminatory discharge, the statute of limitations begins to run on the last day worked. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 949 (6th Cir.1987).

Plaintiff Dancy resigned from Home Depot on April 3, 1997. Plaintiff Martin's employment was terminated on August 11, 1997, and Plaintiff Rutledge's employment was terminated on August 28, 1997. Plaintiffs' Complaint in this action was not filed until August 20, 2001, i.e., more than three years after Plaintiffs Dancy, Martin, and Rutledge's last day of work. Therefore, the Elliott–Larsen and Section 1981 claims of these Plaintiffs are barred by the three-

The Sixth Circuit's approach is similar. In *Armbruster v. Quinn*, 711 F.2d 1332 (6th Cir. 1983), the Court set forth the following test for determining whether a parent corporation and its subsidiary are a "single employer" for purposes of Title VII:

> The appropriate standard is whether, upon review of the circumstances of the intercorporate relationship, [the parent corporation] exercises a degree of control that exceeds the control normally exercised by a parent corporation which is separate and distinct from the subsidiary corporate entity.

*Id.* at 1338.

As the Second Circuit explained in *Cook v. Arrowsmith Shelburne, Inc.*, 69 F.3d 1235, 1240 (2d Cir.1995),

> [A] parent and subsidiary cannot be found to represent a single, integrated enterprise in the absence of evidence of (1) interrelation of operations (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control. We have noted that the second factor is the most crucial and that under this factor *"the critical question to be answered then is: What entity made the final decisions regarding employment matters related to the person claiming discrimination?"*

*Id.* (quotation omitted and emphasis added).

Here, although Plaintiff alleges that Home Depot's agents exercised "complete control" over him, Jenkins has produced no evidence substantiating this allegation. It is well-settled that a party opposing a motion for summary judgment cannot rest on bare allegations; he "must present affirmative evidence" in order to defeat the motion. *Betkerur, supra.*

year statute of limitations and, accordingly, they will be dismissed, with prejudice.

### E. *APPLICATION OF THE DOCTRINE OF RES JUDICATA MANDATES DISMISSAL OF PLAINTIFFS' COMPLAINT, IN ITS ENTIRETY.*

■ The doctrine of *res judicata* operates to preclude relitigation between the same parties or their privies on the same claim. *King v. South Central Bell,* 790 F.2d 524, 528 (6th Cir.1986). Application of the doctrine requires satisfaction of four elements: (1) a final decision on the merits in an earlier action by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Bittinger v. Tecumseh Prods. Co.,* 123 F.3d 877, 880 (6th Cir.1997); *King v. South Central Bell,* 790 F.2d 524, 528 (6th Cir.1986). *See also, Gose v. Monroe Auto Equipment Co.,* 409 Mich. 147, 162, 294 N.W.2d 165, 168 (1980).

Plaintiff does not dispute that three of the four elements of *res judicata* are satisfied here. First, there is no dispute that all of the parties in the original lawsuit are identical to the parties in the present action. (*See* Defendants' Exhibits 1 and 4). Further, Plaintiff does not dispute that the present action raises issues which were, or could have been, asserted in the earlier action. Plaintiffs' first Complaint alleged violations of Title VII (Counts I and II), Michigan's Elliott–Larsen Civil Rights Act (Count III), and 42 U.S.C. § 1981 (Count V), as well as a claim for negligent hiring/supervision (Count VI). (*See* Defendants' Ex. 1). Plaintiffs' second Complaint contains the exact same counts. (*See* Ex. 4.) To the extent that the Plaintiffs' second Complaint also contains an additional general allegation in Paragraph 2 of violation of 42 U.S.C. §§ 1985 and 1988, these claims could have been brought in the earlier action. *See Rivers v. Barberton Board of Education,* 143 F.3d 1029 (6th Cir.1998). Therefore, the third element of *res judicata* is also satisfied.

The fourth requirement is also satisfied here. As the Sixth Circuit observed in *Harrington v. Vandalia–Butler Bd. of Educ.,* 649 F.2d 434, 437 (6th Cir.1981), ("[w]hen two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory or recovery is advanced in the second suit"). Here, the very same discriminatory acts alleged in the first Complaint are alleged in the second Complaint. Thus, Defendants' have satisfied the fourth element of the *res judicata* test.

Plaintiffs, however, argue that the *res judicata* doctrine is not applicable here because they maintain that there was not a "final decision on the merits" in the first action. As indicated above, Plaintiffs' first Complaint was dismissed by this Court for lack of prosecution.

Federal Rule of Civil Procedure 41(b) provides:

> **(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule...operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).

Consistent with Rule 41(b), the Sixth Circuit has repeatedly held that a dismissal for lack of prosecution—whether entered pursuant to a party's motion or on the court's own initiative—operates as a

decision on the merits for purposes of *res judicata*. *See, e.g., Stelts v. University Emergency Specialists, Inc.*, 20 Fed.Appx. 448, 2001 WL 1176350 (6th Cir.2001); *Moore v. Martin*, 178 F.3d 1295, 1999 WL 107974 (6th Cir.1999) (unpublished decision; text available on WESTLAW).[4]

Plaintiffs argue, however, that this Court specified in its Order of Dismissal of the first suit for lack of prosecution that the dismissal was "without prejudice." Therefore, they contend that cannot be deemed a final decision on the merits.

Plaintiffs mischaracterize and misapprehend the Court's Order. The Order of Dismissal merely conditionally dismissed Plaintiffs' Complaint pursuant to "without prejudice to the right, upon good cause shown, to reopen the action within thirty (30) days." The "without prejudice" dismissal, thus, was limited both temporally and substantively.

A similar case was presented in *Yourish v. California Amplifier*, 191 F.3d 983 (9th Cir.1999). In that case, the Court dismissed the plaintiffs' complaint with 60 days leave to file an amended complaint. The plaintiffs failed to amend within the 60–day period. A month after the deadline, the plaintiffs filed a motion requesting entry of an order of dismissal without prejudice, indicating that they wanted to pursue their action in state court. The defendants countered by requesting entry of an order of dismissal with prejudice. The District Court granted the defendants' motion and entered a order of dismissal with prejudice because of the plaintiffs' failure to comply with the court's earlier order allowing 60 days to amend the complaint and the Ninth Circuit affirmed. *See also, United States v. Certain Land*, 178 F.Supp.2d 792 (E.D.Mich.2001) (noting that prior dismissal of action without prejudice to right of plaintiff to move to vacate order within 30 days would have become a dismissal with prejudice had the plaintiff not filed a motion to vacate within 30 days).

Plaintiffs here took no action within the 30–day time period allowed to show good cause for reopening the case. Plaintiffs' failure to do so converted the dismissal to one **with** prejudice. Any other interpretation of the Court's Order would render the "upon good cause shown, to reopen the action within thirty (30) days" language of the Order superfluous.

By application of the foregoing authorities, the Court finds that there has been a final decision on the merits and that the first element of the *res judicata* test has been met.

There having been a prior adjudication on the merits of Plaintiffs' earlier action against the same Defendants, the Court finds that Plaintiffs' claims in this action are barred in their entirety by application of doctrine of *res judicata*.

## CONCLUSION

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment

---

**4.** Although Rule 41(b) nominally requires a motion by defendant, Eastern District of Michigan Local Rule 41.2 expressly authorizes *sua sponte* dismissals for lack of prosecution. Furthermore, it is axiomatic that the Court possesses inherent power to dismiss *sua sponte*, without notice or hearing, "to achieve the orderly and expeditious disposition of cases". *See* Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial, ch. 16, § 431. *See also, Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–632, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962); *Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1159 (5th Cir.1985).

is GRANTED and Plaintiffs' Complaint is dismissed in its entirety, with prejudice.

Let Judgment be entered accordingly.