RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 09a0170p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

BETTY JEAN BRAGG,

      *Plaintiff-Appellant,*

    *v.*

FLINT BOARD OF EDUCATION, et al.,

      *Defendants-Appellees.*

No. 08-1632

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 08-10671—John Feikens, District Judge.

Submitted: April 30, 2009

Decided and Filed: May 13, 2009

Before: KENNEDY, GIBBONS, and ROGERS, Circuit Judges.

_____

**COUNSEL**

**ON BRIEF:** Shelley A. Stasson, LAW OFFICE, West Bloomfield, Michigan, for Appellant. Mary Massaron Ross, Hilary Ann Dullinger, PLUNKETT COONEY, Detroit, Michigan, for Appellees.

_____

**OPINION**

_____

KENNEDY, Circuit Judge. Plaintiff Betty Jean Bragg appeals the district court's order granting defendants Flint Board of Education, Flint Community Schools, Walter Milton, Linda Thompson, and Mary Madden's motion for summary disposition. Because we agree that plaintiff's claims in this subsequent action are barred by the doctrine of res judicata, we AFFIRM the district court's order and dismiss plaintiff's claims.

## BACKGROUND

On January 20, 2008, plaintiff filed a complaint in the Genesee County Circuit Court against the Flint Board of Education, the Flint Community Schools, the United Teachers of Flint, Inc., and three individual defendants. In this complaint, she alleged six counts, including (1) Breach of Contract; Breach of Employment Agreement; (2) Breach of Union Contract, Improper Usage of Union Procedures; (3) Wrongful Discharge; (4) Wrongful Termination of Employment; (5) Violations of Title VII and the Elliot-Larsen Civil Rights Act; and (6) Misrepresentation/Nondisclosure and Failure to Transmit Forms and Information Re Union Procedures, Grievances, and Appeals by Defendant United Teachers of Flint. Five of the counts were identical to counts she had alleged in a 2007 lawsuit against the exact same defendants. The 2007 lawsuit, after being removed to federal court, was dismissed on August 8, 2007, for lack of progress pursuant to Federal Rule of Civil Procedure 41(b). Her 2008 lawsuit, at issue in the present case, was similarly removed to federal court. Defendants Flint Community Schools, the Flint Board of Education, Milton, Thompson, and Madden moved for summary judgment, arguing that because of the decision reached in the 2007 suit, the present claims were barred by res judicata. The district court granted summary judgment to defendants. Plaintiff appealed to our court.

## ANALYSIS

### I. Standard of Review

We review de novo a district court's application of the doctrine of res judicata. *See Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).

### II. Res Judicata

Plaintiff argues that because the district court's 2007 dismissal of her claims under Federal Rule of Civil Procedure 41(b) for lack of progress does not constitute "an adjudication on the merits," it should not be given preclusive effect. Under the clear language of Rule 41(b) and our court's interpretation of that rule, the district court's decision was an adjudication on the merits and should be given preclusive effect. Accordingly, we AFFIRM the ruling of the district court.

Pursuant to the doctrine of res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979) (citations omitted). For res judicata to apply, the following elements must be present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their "privies"; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Bittinger v. Tecumseh Products Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

Plaintiff's argument that the district court's dismissal of her 2007 lawsuit was not "a final decision on the merits" is refuted by the plain language of Rule 41(b) and by the clear precedent of our court. Because plaintiff's 2007 claims were dismissed pursuant to Federal Rule of Civil Procedure Rule 41(b), the first element required for res judicata to apply was clearly met in this case. By its plain language, an involuntary dismissal under Federal Rule of Civil Procedure 41(b) constitutes an adjudication on the merits and carries preclusive effect. Rule 41(b) states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–*operates as an adjudication on the merits*.

FED. R. CIV. P. 41(b) (emphasis added). The district court dismissed plaintiff's 2007 claims pursuant to Rule 41(b). In doing so, the district court did not specify that its order would not operate as an adjudication on the merits. Nor did the court include any information limiting the order's preclusive effect.

In addition to the language of the Rule, our court has interpreted similar orders to have preclusive effect. In *Stelts v. University Emergency Specialists, Inc.*, 20 F. App'x 448 (6th Cir. 2001), the district court dismissed, for lack of prosecution, a former employee's suit alleging that he was improperly forced to resign. In our unpublished opinion, we held that because the district court's decision constituted a final judgment on merits, the plaintiff's

claims in a subsequent action based on the same allegations were barred by res judicata. *Id*. at 449.

A comparison of the pleadings in the 2007 case and the present case reveals that the three additional elements necessary to res judicata are indeed satisfied. First, both actions involve identical parties. Plaintiff brought her 2007 claim against the Flint Board of Education, Walter Milton, Flint Community Schools, Linda Thompson, Mary Madden, and the United Teachers of Flint, Inc. Her 2008 complaint lists the exact same parties as defendants. Second, the present action raises issues which were, or could have been, asserted in her 2007 action. Bragg's 2007 complaint alleged five counts, all arising out of the discrimination that she alleged resulted in her suspension and subsequent dismissal from Flint Community Schools. Bragg's 2008 complaint involved six counts, five of which were identical to those alleged in the 2007 complaint. The only additional claim she alleged was for misrepresentation and nondisclosure. The doctrine of res judicata prohibits not only re-litigation of all claims or issues which were actually litigated, but also those which could have been litigated in a prior action. *See Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660-61 (6th Cir. 1990). The claim for misrepresentation and nondisclosure of union procedures arose out of the same set of facts as did the first five counts she had alleged and involved the same time period. Accordingly, the claim could and should have been litigated in her prior suit. Finally, the very same discriminatory acts alleged in the 2007 complaint were alleged in the present case. Thus, the fourth requirement of res judicata is satisfied.

Based on the language of Rule 41(b) and on our court's existing precedent, there has been a final decision on the merits and all elements of the res judicata test have been met in this case. Accordingly, plaintiff's claims in this action are barred by application of the doctrine of res judicata.

**CONCLUSION**

For the foregoing reasons, we AFFIRM the ruling of the district court.