NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0253n.06

No. 12-3688

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
*Mar 11, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| VENKANNA KANNA, MD, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| ERIC SHINSEKI, Secretary of the United | ) | UNITED STATES DISTRICT |
| States Department of Veteran Affairs; | ) | COURT FOR THE SOUTHERN |
| DOUGLAS MOORMAN, Administrator, | ) | DISTRICT OF OHIO |
| Veterans Administration Medical Center; | ) | |
| SAEREE JANE-WIT, MD, Chief of Staff, | ) | |
| Veterans Administration Medical Center, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |

BEFORE:  KEITH, MARTIN, and COLE, Circuit Judges.


PER CURIAM.  Venkanna Kanna appeals a district court judgment dismissing his complaint.

In 2008, Kanna filed a complaint against the United States Department of Veterans Affairs alleging that the Department terminated his employment as a physician on the basis of his race and national origin.  Kanna sought monetary, declaratory, and injunctive relief.  The case proceeded to trial and a jury found in favor of the Department.  Kanna did not appeal the jury's verdict.

In 2011, Kanna filed another complaint against the Department, alleging that, when terminating his employment, the Department failed to give him proper notice of the charges against him and a reasonable time to respond.  Kanna also asserted that the Department failed to provide him with a timely and appropriate written decision, denied him access to evidence pertinent to his

defense, and failed to properly consider the totality of the evidence. The district court dismissed Kanna's complaint, finding that Kanna's claims were barred by the doctrine of res judicata.

On appeal, Kanna argues that the claims in his 2011 complaint were not barred by the doctrine of res judicata because they: 1) were related to the administrative hearing concerning the termination of his employment; and 2) were distinct from his previous discrimination claims that were based on the period preceding the administrative hearing.

The district court's decision is reviewed de novo. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). The doctrine of res judicata requires:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Id*.

The district court properly dismissed Kanna's 2011 complaint on the basis that it was barred by the doctrine of res judicata. The jury verdict and subsequent entry of judgment that resolved Kanna's discrimination claims constituted a final decision on the merits. The action involved both Kanna and the Department, the same parties that are involved in Kanna's current action. Further, because Kanna was aware of his due process claims when he filed his 2008 complaint, and all of his claims arose from the series of events that culminated in the termination of his employment, there is an identity of claims between the two actions. *See Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580–81 (6th Cir. 2008). Finally, Kanna could have, and should have, litigated his due process claims in his previous action. *See Bragg*, 570 F.3d at 777; *Mitchell v. Chapman*, 343 F.3d 811, 824 (6th Cir. 2003).

Accordingly, we affirm the district court's judgment.