NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0106n.06

No. 21-1167

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| C.H. RACHES, INC., | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | **FILED** Feb 27, 2023 DEBORAH S. HUNT, Clerk |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| GENERAL ALUMINUM MFG. COMPANY, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | OPINION |
| | ) | |

Before: GRIFFIN, BUSH, and MURPHY, Circuit Judges.

GRIFFIN, Circuit Judge.

After the district court entered summary judgment in defendant General Aluminum's favor on plaintiff C.H. Raches's claims arising out of a sales-representation-agreement dispute, Raches moved for relief from judgment and for leave to file a proposed amended complaint. Those motions purported to raise "newly discovered facts" that Raches contended precluded entry of judgment. The district court disagreed, and we affirmed. *See C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, 807 F. App'x 534 (6th Cir. 2020). During that appeal's pendency, Raches commenced this litigation, filing as a new complaint essentially the same complaint it had proposed to the district court when it sought leave to amend. The district court concluded res judicata barred this action. We affirm.

I.

Raches and General Aluminum entered into a Representation Agreement, wherein Raches became General Aluminum's exclusive external sales representative for certain products and

customers and would receive commissions for its sales. The Representation Agreement set forth General Aluminum's obligation to, upon its without-cause termination of the Representation Agreement, "continue to pay commissions due to [Raches] on all newly-created or existing Customer purchase orders arising out of any long-term arrangements accepted prior to the effective date of termination[.]"

General Aluminum terminated the Representation Agreement in May 2015, effective November 2015. In July of that year, General Aluminum entered into a Supply Agreement with non-party ZF Chassis Components, LLC. In Raches's view, the Representation Agreement required General Aluminum to pay commissions on purchases related to that Supply Agreement.

So, in March 2016, Raches sued General Aluminum for contract and Michigan Sales Representative Commission Act claims. The district court granted summary judgment in defendant's favor, concluding that the record was devoid of any evidence supporting the existence of purchase orders for which General Aluminum failed to pay. It then denied plaintiff's motion for relief from judgment, reasoning that plaintiff's purported "newly discovered" evidence (showing such purchase orders) was available to plaintiff before the court issued its summary judgment order. The district court then denied plaintiff's motion for leave to file an amended complaint for similar reasons to its Rule 60(b)(2) denial, concluding "Plaintiff merely re-hashed the 'newly discovered evidence' argument it made in its motion for relief from judgment, which the Court already rejected because the evidence was available before the Court entered summary judgment." Raches appealed, faulting the district court for each of these three orders. We disagreed and affirmed. *Id.*

A week after Raches filed its notice of appeal in August 2019, Raches commenced this lawsuit. The two cases proceeded on parallel tracks. We issued our opinion affirming the district

court in April 2020, and, in this litigation, the district court granted defendant's motion to dismiss in January 2021. Its reasoning was straightforward—the newly filed complaint was "nearly the same complaint that [Raches] had proposed to the Court in the prior case. [And] given that Plaintiff's current complaint involves exactly the same issues and claims that the parties could have litigated years ago," res judicata applied. (Citations omitted). Indeed, the complaint at issue here only has one material change from the proposed amended complaint that the district court rejected in the prior litigation. There are no new material fact assertions. Rather, new to this litigation are just Paragraphs 28 and 35, which assert—once for the contract claim and once for the Michigan Sales Representative Commission Act claim—that General Aluminum's failure to pay commissions constitutes a new, separate breach every month. Raches now appeals.

## II.

"For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008); *see also Prod. Sols. Int'l, Inc. v. Aldez Containers, LLC*, 46 F.4th 454, 458 (6th Cir. 2022). The applicable state law is Michigan's, which takes a "broad approach to the doctrine of res judicata." *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004). The doctrine "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Id.* We review de novo a district court's application of res judicata, with the party asserting the defense bearing the burden of proof. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 572 (6th Cir. 2008).

On appeal, Raches does not contest the first two elements. Nor could it. The prior litigation involved the same parties and was decided on the merits. Instead, its focus on appeal is the district

court's conclusion that Raches's claims in this litigation were, or could have been, resolved in the prior action.

Res judicata "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 680 N.W.2d at 396. "Whether a factual grouping constitutes a transaction for purposes of res judicata is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit." *Id.* at 398 (citation and emphasis omitted). "Under this approach, a claim is viewed in factual terms and considered coterminous with the transaction, regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; and regardless of the variations in the evidence needed to support the theories or rights." *Id.* (internal quotation marks, citation, and ellipsis omitted).

With this in mind, we agree with the district court that res judicata bars this lawsuit. Raches's complaint here, with one material exception, is the exact complaint it put before the district court when it sought leave to amend following entry of summary judgment; the district court denied leave because plaintiff's "newly discovered evidence" was not new, and we found no abuse of discretion in that conclusion. *See* 807 F. App'x at 540. Put simply, Raches failed to exercise reasonable diligence in the first litigation when it neglected to bring the claims that it now seeks to raise here. *Adair*, 680 N.W.2d at 396; *cf. Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 819 (6th Cir. 2010) (when a defendant "continu[es] on the same course of conduct . . . [that] has previously been found by a court to be proper, a subsequent court must conclude that the plaintiff is simply trying to relitigate the same claim") (citation omitted).

One of Raches's main assertions to the contrary is that the district court erroneously interpreted its complaint here as just asserting the presence of a single purchase order, one "that came *before* the Court's March 16, 2018 summary judgment order." To be sure, Raches's complaint here mentions "purchase order*s*" that arise from General Aluminum's agreement with ZF for parts that began shipping in February 2018. (Emphasis added). But that is of no moment, because, as set forth immediately above, what Raches alleges here with respect to the presence of "purchase order*s*" is *exactly* what it alleged when it moved for leave to amend its complaint in the prior litigation.

Its other main argument is one springing from the continuing-wrong exception to the application of res judicata. *See, e.g.*, Restatement (Second) of Judgments § 26(1)(e); *Jones v. Westminster*, 2018 WL 2370634, at *4–8 (Mich. Ct. App. May 24, 2018) (per curiam); *but see Bellew v. Corr*, 2022 WL 1509105, at *5 & n.6 (Mich. Ct. App. May 12, 2022) (per curiam) (questioning whether, under the common law, the exception applies "to defeat res judicata"). In Raches's view, General Aluminum breached the Representation Agreement each time it failed to pay Raches monthly commissions, creating a continuous wrong that prevents application of res judicata. This is where Raches's new allegations in Paragraph 28 and 35 come into play, that there is a new breach or violation each month General Aluminum fails to pay Raches commissions due. But these still do not cure the res judicata problem, for the "new" assertions are still tied to Raches's allegations in the last litigation concerning the presence of "purchase order*s*." (Emphasis added).

Raches also suggests there exist "quarterly purchase orders" flowing from General Aluminum's agreement with ZF. But such an allegation is not properly before us. First, the complaint makes no such assertion. *See McGrew v. Duncan*, 937 F.3d 664, 668 (6th Cir. 2019)

("[A]n amended complaint, not an appellate brief, is the vehicle with which to add new claims."). And second, Raches made no such argument to the district court. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 781 (6th Cir. 2015) ("As a general rule in this Circuit, arguments raised for the first time on appeal are forfeited.").

Finally, we note that the last time this case was before us, we commented that "[w]e understand the district court's order not to preclude Raches from obtaining relief in a future suit based upon purchase orders made after the summary judgment order." 807 F. App'x at 539 n.2. Having thoroughly reviewed Raches's complaint in this suit, we see no specific allegation about such purchase orders that were not or could not have been presented to the district court in the prior litigation.

III.

For these reasons, we affirm the judgment of the district court.