IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 31, 2018 Session

**BANK OF NEW YORK MELLON V. CHANDRA BERRY**

**Appeal from the Circuit Court for Shelby County**
**No. CT-003775-15     Mary L. Wagner, Judge**

_____

**No. W2017-01213-COA-R3-CV**

_____

A bank filed a wrongful detainer warrant in general sessions court against a homeowner who defaulted on her loan, and the homeowner raised counterclaims that the foreclosure was wrongful and fraudulent. The general sessions court awarded the bank possession of the property and dismissed the homeowner's counterclaims as barred by res judicata based on an earlier action in which the homeowner sought to prevent the foreclosure. The homeowner appealed the general sessions court's decision, and the circuit court also dismissed the homeowner's counterclaims based on res judicata. The homeowner appealed the circuit court's judgment to this court, and the bank sought an award of its attorney's fees as damages for having to defend against a frivolous appeal. We affirm the circuit court's judgment and deny the bank's request for an award of its fees.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and BRANDON O. GIBSON, J., joined.

Archie Sanders, Memphis, Tennessee, for the appellant, Chandra L. Berry.

Edmund Scott Sauer, Benjamin William Perry, and Brian Robert Epling, Nashville, Tennessee, for the appellee, Bank of New York Mellon Trust Company, N.A.

## OPINION

### PROCEDURAL AND FACTUAL BACKGROUND

Chandra L. Berry purchased a house located at 6215 Malloch Drive in Memphis, Tennessee (the "Property") on August 5, 2004. At some point, Ms. Berry defaulted on her mortgage obligation and was unsuccessful in her attempts to modify or restructure the loan. This Court issued two decisions in a related case in 2013 and 2015, both of which

addressed Ms. Berry's attempts to prevent her house from being foreclosed upon. *Berry v. Mortg. Elec. Registration Sys.*, No. W2014-02175-COA-R3-CV, 2015 WL 5121542 (Tenn. Ct. App. Aug. 31, 2015); *Berry v. Mortg. Elec. Registration Sys.*, No. W2013-00474-COA-R3-CV, 2013 WL 5634472 (Tenn. Ct. App. Oct. 15, 2013). The following facts were recited in the more recent opinion and are applicable to this case:

> Ms. Berry signed a Note and Deed of Trust dated August 5, 2004, for $270,000 with regard to the property located at 6215 Malloch Drive, Memphis, TN 38119. Ms. Berry's executed Note stated that the "Lender is Mortgage Lenders Network USA, Inc." ("Mortgage Lenders"). The Note was made payable by Mortgage Lenders to EMAX Financial Group, LLC, who made the Note payable to Residential Funding Corporation, who lastly made the Note payable to JP Morgan Chase Bank, as trustee. MERS[1] "as nominee for Mortgage Lenders Network USA, Inc., its successors and assigns," assigned the Deed of Trust to The Bank of New York Mellon Trust Company, N.A. as successor to JP Morgan Chase Bank.

*Berry*, 2015 WL 5121542, at *3. The note and the deed of trust each included language permitting the transfer to a third party, which would have the same rights to the note and/or deed of trust as the original parties.

On April 9, 2015, the successor trustee, Wilson & Associates, PLLC, sent Ms. Berry a notice of foreclosure. The foreclosure sale occurred on May 8, 2015, and Bank of New York Mellon Trust Company, N.A. ("BNY") purchased the property. Ms. Berry refused to vacate the premises, and in June 2015 BNY filed an unlawful detainer warrant against Ms. Berry in general sessions court in an effort to obtain possession of the Property. Ms. Berry filed counterclaims against BNY in which she alleged BNY was liable for wrongful foreclosure, fraud and/or misrepresentation, slander of title, wantonness, intentional misconduct, and reckless and/or grossly negligent actions. She sought to set aside the trustee's sale, to void or cancel the trustee's deed upon sale, and to quiet title to the Property.

The general sessions court awarded BNY possession of the Property and dismissed Ms. Berry's claims, finding they were barred by res judicata. Ms. Berry appealed the general sessions court's judgment to the circuit court. BNY filed a motion for summary judgment, and the circuit court issued an order on May 16, 2017, granting BNY's motion and dismissing Ms. Berry's counterclaims. The court wrote:

> Ms. Berry's counter-claims are barred by res judicata. The issues raised in her counter-claim are virtually verbatim [of] the issues raised in the Chancery Court action. Further, in her response, Ms. Berry argues at

---

[1]MERS is an abbreviation for Mortgage Electronic Registration Systems, Inc.

times about how the appellate court erred. She cannot relitigate those issues before this Court.

> With regard to [BNY's] claim for possession, the undisputed facts demonstrated that as a matter of law, it is entitled to possession of the Property located at 6215 Malloch Drive, Memphis, TN 38119.

Ms. Berry appeals the circuit court's judgment granting BNY's motion for summary judgment and dismissing her counterclaims.

ANALYSIS

We review a trial court's ruling on a motion for summary judgment de novo with no presumption of correctness afforded to the trial court's decision. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Staples v. CBL & Assocs., Inc.*, 15 S.W.3d 83, 88 (Tenn. 2000). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." TENN. R. CIV. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, as here, Tenn. Code Ann. § 20-16-101 provides that the moving party shall prevail if it:

> (1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

> (2) Demonstrates to the court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim.

"[S]ummary judgment is not a disfavored procedural shortcut but rather an important vehicle for concluding cases that can and should be resolved on legal issues alone." *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). "When the issues presented do not justify the time and expense of a trial, summary judgment is the proper 'vehicle' allowing courts to dispose of the case." *Urban v. Nichols*, No. E2014-00907-COA-R3-CV, 2015 WL 5178431, at *2 (Tenn. Ct. App. Sept. 4, 2015) (citing *Messer Griesheim Indus. v. Cryotech of Kingsport, Inc.*, 45 S.W.3d 588, 608 (Tenn. Ct. App. 2001)).

On appeal, Ms. Berry argues that BNY was not a party to the prior actions and that res judicata does not preclude litigation of her wrongful foreclosure counterclaims against BNY because "there has been no specific adjudication concerning whether [BNY's] actions, status and the relevant documentation establishes its claim of ownership." Ms. Berry also contends that the trial court erred in considering an affidavit BNY submitted in

support of its motion for summary judgment. Based on these arguments, Ms. Berry contends that BNY has failed to establish the absence of genuine issues of material facts, as it must, to show it is entitled to summary judgment.

## Res Judicata

Res judicata, also known as claim preclusion, is a doctrine that "bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated" in the earlier lawsuit. *Creech v. Addington*, 281 S.W.3d 363, 376 (Tenn. 2009). Res judicata is a "'rule of rest.'" *Jackson v. Smith*, 387 S.W.3d 486, 491 (Tenn. 2012) (quoting *Moulton v. Ford Motor Co.*, 533 S.W.2d 295, 296 (Tenn. 1976)). The main purposes of the doctrine are to "promote finality in litigation, prevent inconsistent or contradictory judgments, conserve legal resources, and protect litigants from the cost and vexation of multiple lawsuits." *Creech*, 281 S.W.3d at 376 (citing *Sweatt v. Tenn. Dep't of Corr.*, 88 S.W.3d 567, 570 (Tenn. Ct. App. 2002)). Whether the trial court erred when it determined that Ms. Berry's claims were barred by the doctrine of res judicata is a question of law that we review de novo, affording the trial court's decision no presumption of correctness. *See In re Estate of Goza*, 397 S.W.3d 564, 566 (Tenn. Ct. App. 2012) (citing *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. Ct. App. 2008)).

As the party asserting res judicata, BNY must prove "(1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits." *Jackson*, 387 S.W.3d at 491 (citing *Lien v. Couch*, 993 S.W.2d 53, 56 (Tenn. Ct. App. 1998)). The Court of Appeals has explained that "*res judicata* applies not only to issues that were raised and adjudicated in the prior lawsuit, but to 'all claims and issues which were relevant and which could reasonably have been litigated in a prior action.'" *Davidson v. Bredesen*, 330 S.W.3d 876, 884-85 (Tenn. Ct. App. 2009) (quoting *Am. Nat'l Bank & Trust Co. of Chattanooga v. Clark*, 586 S.W.2d 825, 826 (Tenn. 1979)). It is immaterial whether the plaintiffs in the earlier action sought a declaratory judgment or some other type of relief.[2] *See In re Estate of Goza*, 397 S.W.3d at 567. When a party fails to raise an issue or theory of recovery in an earlier action, that party is not permitted to "preserve" the issue or theory and then raise it in a subsequent action. *Davidson*, 330 S.W.3d at 885 (citing *Barnett v. Milan Seating Sys.*, 215 S.W.3d 828, 835 (Tenn. 2007)). "Claim preclusion prohibits parties from splitting their cause of action; it requires parties 'to raise in a single lawsuit all the grounds for recovery arising from a single transaction or series of transactions that can be brought together.'" *Regions Fin. Corp. v. Marsh USA, Inc.*, 310 S.W.3d 382, 397 (Tenn. Ct. App. 2009) (quoting *In re Order to*

---

[2]When Ms. Berry initially filed her action against MERS and Wells Fargo Bank, N.A., in 2012, she sought a declaratory judgment and damages.

*Encapsulate Native Am. Indian Gravesites in Concrete and Pave Over with Asphalt*, 250 S.W.3d 873, 882 (Tenn. Ct. App. 2007)).

Tennessee applies the "transactional" approach, as described in the Restatement (Second) of Judgments, to determine whether an earlier judgment and a pending lawsuit involve the same cause of action for purposes of applying the doctrine of res judicata. *Creech*, 281 S.W.3d at 380-81. The Restatement articulates this standard as follows:

> When a valid and final judgment rendered in an action extinguishes the plaintiff's claim . . . , the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

RESTATEMENT (SECOND) OF JUDGMENTS § 24(1). Comment b to the Restatement explains that the term "transaction" refers to "a natural grouping or common nucleus of operative facts." This standard allows a plaintiff's allegations set forth in a complaint to be mutually inconsistent and to change over the course of the litigation. RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) cmt. a. "[P]arties who are given the capacity to present their 'entire controversies' shall in fact do so." *Id.*

Ms. Berry contends that BNY was not entitled to initiate the foreclosure proceedings because it was not the owner of Ms. Berry's note. The record shows that Ms. Berry obtained her loan from Mortgage Lenders and that MERS was the nominee for Mortgage Lenders. As we stated in our decision from 2015, quoted above, MERS assigned the deed of trust to BNY in its role as nominee for Mortgage Lenders. The record shows that this assignment took place on December 27, 2011, which was before Ms. Berry initially filed suit to prevent the foreclosure in 2012. Wilson & Associates, PLLC became the substitute trustee in the deed of trust on February 4, 2015, and on April 9, 2015, Wilson & Associates notified Ms. Berry that the Property was going to be foreclosed upon due to her default on the loan.

One of the claims Ms. Berry raised in her 2012 action was that there was a flaw in the assignment of her deed of trust. *Berry*, 2015 WL 5121542, at *3. Specifically, Ms. Berry argued that a Wells Fargo employee was not authorized "to execute an assignment of the deed of trust between MERS and The Bank of New York Mellon." *Id.* In the earlier action we reviewed the undisputed facts in the record and found that the employee at issue was, in fact, authorized to execute the assignment of the deed of trust. *Id.* Thus, Ms. Berry's argument here that BNY was not the proper party to initiate the foreclosure proceedings was addressed in the prior proceedings and was rejected.

We next consider whether BNY is in privity with Wells Fargo and/or MERS such that BNY may benefit from the affirmative defense of res judicata. In the 2012 action,

Ms. Berry filed claims against Wells Fargo and MERS. The record shows that MERS, as nominee for Mortgage Lenders, assigned the deed of trust to BNY and that Wells Fargo serviced Ms. Berry's loan and executed the assignment of the deed of trust to BNY on behalf of MERS. "Privity within the meaning of the doctrine of *res judicata* is privity as it exists in relation to the subject matter of the litigation." *Harris v. St. Mary's Med. Ctr., Inc.*, 726 S.W.2d 902, 905 (Tenn. 1987). It "connotes an identity of interest, that is, a mutual or successive interest to the same rights." *State ex rel. Cihlar v. Crawford*, 39 S.W.3d 172, 180 (Tenn. Ct. App. 2000) (citations omitted).

The deed of trust at issue states that "MERS is the beneficiary under this Security Agreement," which means MERS had an interest in the Property. In fact, MERS had the same interest in the Property as Mortgage Lenders and BNY. The Sixth Circuit Court of Appeals has found privity between a bank that owned a borrower's note and the entity that serviced the loan. *GMAC Mortg., LLC v. McKeever*, 651 Fed. Appx. 332, 343 (6th Cir. 2016). This supports a finding of privity between BNY and Wells Fargo. BNY, MERS, and Wells Fargo all have an interest in the lawfulness of the foreclosure, and this shared interest supports a finding of privity between BNY and MERS and between BNY and Wells Fargo. *See Malone v. Mortg. Elec. Registration Sys., Inc.*, No. 3:13-01150, 2014 WL 1350503, at *2 (M.D. Tenn. Apr. 3, 2014) (stating MERS and lenders have identical interest in lawfulness of foreclosure); *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 Fed. Appx. 994, 999 (6th Cir. 2009) ("'We find that a mutuality of interest, including an identity of desired results, creates privity between [parties for res judicata purposes].'") (quoting *Brown v. City of Dayton*, 730 N.E.2d 958, 962 (Ohio 2000)). Thus, we find that BNY is in privity with MERS and with Wells Fargo with respect to the Property.

Turning to the requirements of res judicata, we find, first, that Ms. Berry filed her 2012 lawsuit in the chancery court of Shelby County, which is a court of competent jurisdiction. *See* Tenn. Code Ann. § 16-11-102 (chancery court has concurrent jurisdiction with circuit court). Second, Ms. Berry appealed both of the chancery court's judgments stemming from her complaint to the Court of Appeals, and both the chancery court and the Court of Appeals issued final judgments that were on the merits. Third, we have determined that the same parties or their privies were involved with both Ms. Berry's 2012 action and this lawsuit.

Lastly, the same claims or causes of action were asserted in both Ms. Berry's 2012 complaint and this lawsuit. In the 2012 action Ms. Berry challenged the assignment of the deed of trust. *Berry*, 2015 WL 5121542, at *3. Here, Ms. Berry challenges BNY's claim of ownership of her note. In both actions, Ms. Berry is challenging BNY's foreclosure on the Property. In our 2015 opinion we held that Ms. Berry lacked standing to challenge the assignment of the deed of trust. *Id.* We also ruled, however, that the assignment was valid. *Id.* There is no dispute that Ms. Berry's claims for fraudulent or wrongful foreclosure relate to the subject matter of her 2012 lawsuit, *viz.*, the impending

foreclosure of the Property. Based on the transactional approach Tennessee follows, Ms. Berry was required to present all of her arguments regarding her challenge to the foreclosure of the Property in her 2012 lawsuit. To the extent she failed to do this, she is precluded from pursuing these claims now. *See Robinson v. Pulte Homes Tenn. Ltd. P'ship*, No. M2016-01208-COA-R3-CV, 2018 WL 300530, at *8 (Tenn. Ct. App. Jan. 5, 2018) (holding that plaintiff's claim raised for first time in subsequent case was barred by res judicata because it should have been raised in earlier class action involving same transaction). As we said in *Boyce v. LPP Mortgage Ltd.*, 435 S.W.3d 758, 769 (Tenn. Ct. App. 2013),

> [R]es judicata bars claims both that have been litigated and that could have been litigated in the previous suit. To require that the specific claim asserted in the subsequent suit had to have been decided on its merits would be to hold that the claim must have actually been asserted in the previous suit. Thus, for this Court to hold that *res judicata* cannot apply unless the specific claim at issue, rather than the judgment on the entire action, be decided on its merits, would contradict the basic tenets of *res judicata* jurisprudence. Instead, the prior suit need not adjudicate every issue that could have possibly been litigated on the merits, it need only "conclude the rights of the parties on the merits." *Goeke v. Woods*, 777 S.W.2d 347, 349 (Tenn. 1989).

Because the doctrine of res judicata bars all claims that were litigated or could have been litigated in an earlier lawsuit between the parties or those in privity with the parties, we hold that the trial court correctly granted BNY's motion for summary judgment and dismissed Ms. Berry's counterclaims on the basis of res judicata.

<u>Katherine Ortwerth's Affidavit</u>

In its motion for summary judgment, BNY argued that Ms. Berry's counterclaims were barred by the doctrine of res judicata. As an alternative argument, BNY asserted that Ms. Berry could not prevail on the merits of her counterclaims because the foreclosure was lawful. BNY submitted an affidavit by Katherine Ortwerth[3] in support of its alternative argument. Because we hold Ms. Berry's counterclaims are barred by res judicata, we need not address her argument that the trial court erred in relying on Ms. Ortwerth's affidavit. *See Jones v. BAC Home Loans Servicing, LP*, No. W2016-00717-COA-R3-CV, 2017 WL 2972218, at *11 (Tenn. Ct. App. July 12, 2017) (stating that

---

[3]Ms. Ortwerth was a senior analyst for Ocwen Financial Corporation, whose indirect subsidiary was a servicer for BNY.

court need not address all of plaintiff's arguments once court determines plaintiff's claims are barred on other grounds).[4]

## Issues BNY Raises on Appeal

BNY complains that Ms. Berry's appellate brief is deficient because it fails to comply with Rule of Appellate Procedure 27[5] and does not contain sufficient citations to authority or to the record to support her arguments. Contrary to BNY's contentions, Ms. Berry's brief sets forth her contentions with respect to the arguments she raises and the reasons therefor. Ms. Berry cites to both the record and to legal authority, as Rule 27 requires. We, therefore, reject BNY's suggestion that we dismiss Ms. Berry's appeal for failing to comply with the briefing requirements under the Tennessee Rules of Appellate Procedure.

BNY also argues that Ms. Berry's appeal was frivolous and seeks an award of its attorney's fees as damages pursuant to Tenn. Code Ann. § 27-1-122, which provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

We addressed this statute in *GSB Contractors, Inc. v. Hess*, 179 S.W.3d 535 (Tenn. Ct. App. 2005), wherein we explained:

---

[4]In any event, we note that the trial court granted BNY's motion for summary judgment and dismissed Ms. Berry's counterclaims after finding her counterclaims were barred by res judicata. The record does not reflect that the trial court considered Ms. Ortwerth's affidavit in rendering its decision.

[5]Rule of Appellate Procedure 27 requires the appellant's brief to include, inter alia, the following:

> (7) An argument, which may be preceded by a summary of argument, setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
>
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues).

We must apply this statute strictly so that we do not discourage legitimate appeals. *Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977). "An appeal is deemed frivolous if it is devoid of merit or if it has no reasonable chance of success." *Wakefield v. Longmire*, 54 S.W.3d 300, 304 (Tenn. Ct. App. 2001) (citing *Bursack v. Wilson*, 982 S.W.2d 341, 345 (Tenn. Ct. App. 1998); *Indus. Dev. Bd. v. Hancock*, 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995)). The award of damages for the filing of a frivolous appeal lies within the sound discretion of this Court. *Banks v. St. Francis Hosp.*, 697 S.W.2d 340, 341 (Tenn. 1985).

*GSB Contractors*, 179 S.W.3d at 547-48. "A successful litigant should not have to bear the expense of a groundless appeal, but the penalty described in Tenn. Code Ann. § 27-1-122 'is to be used only in obvious cases of frivolity and should not be asserted lightly or granted unless clearly applicable — which is rare.'" *Judd v. Guye*, No. M2015-00094-COA-R3-CV, 2015 WL 9311847, at *4 (Tenn. Ct. App. Dec. 21, 2015) (quoting *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 342 (Tenn. 2010)). We do not believe the penalty available in Tenn. Code Ann. § 27-1-122 is appropriate in this case and deny BNY's request for its fees.

## CONCLUSION

We affirm the trial court's judgment awarding BNY summary judgment and dismissing Ms. Berry's counterclaims. Costs of this appeal shall be taxed against the appellant, Chandra L. Berry, for which execution shall issue if necessary.

_____
ANDY D. BENNETT, JUDGE